## BEARD *against* VAN WICKLE.

The plaintiff declared upon a promissory note of about $103, and joined the money counts in the same declaration.

*Where the general money counts are joined with one on a promissory note in the same declaration, it is erroneous for the clerk to assess the damages, without first entering a nolle prosequi as to the money counts.*

*In such a case, the defendant cannot compel the plaintiff to enter a nolle prosequi, and it is at his option, to assess damages by a jury, though his claim be founded on the note alone*

ALBANY,
October, 1824.

Bank of Co-
lumbia.
v.
Southerland.

Judgment having passed against the defendant by default, the plaintiff assessed his damages upon a writ of inquiry, which the defendant now moved to set aside, on the ground that the damages should have been assessed by the Clerk, inasmuch as the plaintiff's demand was confined to the promissory note, upon which alone he claimed damages before the jury; that the defendant ought not to be subjected to the additional costs of a writ of inquiry; and *Laws*, (*sess.* 41, *ch.* 259, *s.* 10) and 1 *Dunl. Pr.* 384, were cited in support of the motion.

*R. S. Church*, for the motion.

*W. Sisson*, contra.

*Curia.* The plaintiff cannot have his damages assessed by the Clerk, where the declaration includes the money counts, with a count upon a promissory note, without first entering a *nolle prosequi* upon the former. (*Burr* v. *Waterman & Wells*, 2 *Cowen's Rep.* 36 to 39, note (*f*).) The defendant cannot compel the plaintiff to enter a *nolle prosequi*. This is at his option; and, of course, he must choose whether he will proceed by assessment before the Clerk, or a writ of inquiry.

Motion denied with costs.